No. 14,509.

OBODOV *v.* FOSTER ET AL.

(97 P. [2d] 426)

Decided November 27, 1939.   Rehearing denied December 18, 1939.

Mr. PHILIP HORNBEIN, Mr. IRVING L. GREENWALD, for plaintiff in error.

Mr. WILBUR F. DENIOUS, Mr. HUDSON MOORE, Mr. DAYTON DENIOUS, for defendants in error.

*En Banc.*

MR. JUSTICE OTTO BOCK delivered the opinion of the court.

THIS is a controversy between the mortgagee of two apartment houses and the mortgagee of the furniture contained therein. Plaintiff in error, to whom we hereinafter refer as plaintiff, mortgagee of the furniture, brought an action in conversion against the receiver and the mortgagee of the two apartment houses. Reference will be made to defendants in error as the receiver and bank, respectively. Briefly, the facts are as follows: One Lutz in 1926 was the owner of two apartment houses. Subsequently he bought furniture which was used in both. The bank, as trustee for the bondholders of the American Agency and Investment Company, applied for receivership under the trust deed to said apartment houses, and January 16, 1934, defendant receiver was appointed and took possession. The furniture involved was not included in the trust deed as security. Six days prior to said appointment Lutz executed a chattel mortgage to plaintiff on all the furniture in both apartment houses, which was recorded January 17, 1934. The following day the receiver made an inventory of all the furniture in the two buildings. He had no actual knowledge of the ownership at that time, the apartments then being under lease to various tenants, who were making use of the furniture and paying rental for

furnished apartments. This relationship continued under the receivership. The receiver perhaps had constructive notice from the records of the interest of plaintiff from the time the chattel mortgage was recorded. Plaintiff made oral demand upon an officer of the bank about April 1, 1934, for recovery of the furniture. He was referred to the receiver, who in turn referred him to his attorney. The latter stated to plaintiff that he would take the matter up with the receiver and advise him later. May 19, 1934, plaintiff made written demand upon the receiver for all of the furniture in both apartments. Written reply to this demand was made May 22, 1934, by the attorney for the receiver, in which he asked plaintiff for proof of ownership, and requested an opinion as to the advisability of filing a petition in the receivership case. May 28, 1934, plaintiff filed such petition in the receivership action to recover possession of the furniture and rental for its use. On the same day the receiver, through the American Agency and Investment Company, of which he was president, secretly and without notice to plaintiff, bought the tax title to plaintiff's furniture, paying therefor the sum of $251.38. The receiver testified that he bid it in so as to get the benefit of the use of the property. Upon learning of this secret transaction, plaintiff asked leave, June 18, 1934, in the receivership action to withdraw his petition filed May 28, 1934, which was granted, and he then asked and was granted leave July 21, 1934, to sue the receiver for conversion. Trial was had to the court, resulting in a dismissal of the suit and judgment in favor of defendants for costs. Plaintiff assigns error and seeks reversal. His assignments may be comprehended in one ground, namely: that the court erred in refusing to consider the evidence of the securing of a tax deed by defendants to support the conversation on January 16, 1934, for the reason that it would be a variance from the pleadings, tending to surprise defendants. The trial court, in its decision, made this statement: "His actions and those

of his attorney were consistent with the proper disposition of the furniture under his duties as receiver until the date of his purchase of the tax title." We are inclined to believe that this pronouncement, as it related to the actions of the receiver prior to May 28, 1934, was substantially correct. The statements made to plaintiff by the receiver and his attorney prior to that time were in the nature of qualified refusals. When refusals are not absolute, but are qualified by certain conditions which are reasonable, and which are imposed in good faith and in recognition of the rights of plaintiff, such refusals are an insufficient basis for an action in conversion. 65 C. J. 50. The secret action of the receiver in the purchase of the tax title to the furniture raised the question of good faith and challenged all acts of the receiver prior to that time and to the date of his taking possession thereof, which was January 16, 1934. Evidence thereof was material to show intent and to support the charge of conversion. The court refused to consider such evidence on the ground that it was at variance with the allegation in the complaint, which stated the time of conversion as January 16, 1934, while the tax sale occurred May 28, 1934.

It has been generally held that in actions for conversion, allegations as to time of conversion are immaterial, and a variance in the proof as to date, if the conversion is shown to have been committed prior to the commencement of the action and within the period fixed by the statute of limitations for bringing such action, is immaterial. 65 C. J. 99, 100. In refusing to consider this evidence to support the issue of conversion, the trial court committed reversible error.

Counsel for the receiver contend that since the title of plaintiff had been divested by reason of the tax sale, plaintiff could not recover. The trial court, relative to this issue, said, "Whether this purchase was wrong is not an issue in this case, since it has not been raised in the pleadings." The court evidently overlooked the

amendments to the answer and replication made by leave of court after trial, and left that issue undetermined. Since this is primarily a court of review and reversal is necessary, and this question is correlated to the issue of conversion, we leave it for further consideration by the trial court.

██ Counsel for the receiver further contend that the filing of the petition in intervention in the receivership case waived conversion; that the withdrawal of the petition was with prejudice and is res judicata of the issues involved. We cannot agree with this contention. At the time of filing the petition in the receivership action plaintiff had no knowledge or notice of the receiver's secret acts to obtain title to the furniture by tax deed. There can be no waiver without full knowledge. Our rule 5 provides that "Every dismissal of an action, whether by the court or otherwise, shall be held to be 'with prejudice,' unless differently ordered by the court." There is some doubt as to whether the petition filed by plaintiff in the receivership case is an "action." Its withdrawal, under the circumstances, was by leave of court. At the same time, a petition was granted by the court authorizing plaintiff to sue the receiver for conversion. We do not think that this course of procedure comes within the terms of rule 5, and requires us to hold that the withdrawal of the petition in intervention was with prejudice.

The judgment is reversed and the case remanded for further proceedings consistent with this opinion.

MR. JUSTICE FRANCIS E. BOUCK not participating.