No. 19,318.

TED SCHLITTENHARDT *v.* J. L. BERNASKY.
(364 P. [2d] 586)

Decided September 5, 1961.

Mr. EDWARD C. HASTINGS, Mr. WALTER BOHM, for plaintiff in error.

Messrs. THOMAS & THOMAS, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE MOORE.

PLAINTIFF in error was defendant in the trial court and defendant in error was plaintiff. The parties will be referred to as they appeared in the trial court.

Defendant and his wife were divorced on June 14, 1957, in an action then pending in the State of Kansas. August 1, 1957, a hearing was had in that court upon questions relating to a division of property between the parties. Prior to the division of property as ordered by the Kansas court, the defendant was the owner of a section of land in Cheyenne County, Colorado, upon which he had certain farm machinery valued at $1,100.00. In dividing the property between the defendant and his ex-wife, the Kansas court awarded the section of land to the wife and the farm machinery to the defendant.

In the complaint in the present action the plaintiff alleged that in July 1957, the defendant employed him to do certain plowing upon the above mentioned land; that the price agreed upon was $1.00 per acre; that plaintiff had plowed the land, and on July 30, 1957, billed the defendant for the sum of $287.00 alleged to be due. The complaint also set forth facts in support of a claim based upon an alleged account stated, but we find it unnecessary to comment upon that phase of the case.

There is no dispute concerning the fact that the work was completed in July 1957, prior to the time the land upon which the plowing was done was awarded to the wife by the Kansas court.

The defendant refused to pay the claim, whereupon plaintiff, upon the suggestion of the divorcee, Mrs. Schlittenhardt, went upon the land, took possession of the farm machinery and removed it therefrom. The defendant, a resident of Kansas, sent a truck and men to get his farming equipment. The plaintiff refused to permit the removal of the machinery from the premises to which he had moved it, and thereafter refused to surrender the machinery to the defendant, unless and until his claim in the amount of $287.00 was paid.

The defendant filed a counterclaim against the plaintiff for the alleged conversion of the machinery by the plaintiff for $400.00 "costs and expenses" to which defendant was put in connection with the refusal of plain-

tiff to deliver the property; and for exemplary damages in the amount of $400.00.

The case was tried to a jury and verdicts were returned (1) in favor of the plaintiff for $287.00 on the claim set forth in the complaint; and (2) in favor of the plaintiff and against the defendant upon the counterclaim.

Judgment was entered consistent with the verdicts and defendant seeks review by writ of error.

In connection with the claims of the plaintiff for $287.00 alleged to be due for plowing the land, suffice it to say that there was an abundance of evidence to support the verdict, and the jury was properly instructed on the law applicable to the phase of the case.

In connection with the counterclaim of the defendant for a conversion of the farm machinery by the plaintiff, the defendant was entitled to judgment as a matter of law under the admitted facts. The trial court erroneously gave an instruction to the jury which reads as follows:

"You are also instructed that in an action for conversion of chattel property, a refusal of a demand for possession which is qualified by certain conditions which are reasonable, and which are imposed in good faith and in recognition of the rights of the defendant, is an insufficient basis for an action in conversion. The wrong of which the plaintiff must be shown to be guilty before an action for conversion is justified, must be done under such circumstances as will not excuse the wrong-doer. A mere temporary exclusion of defendant from possession of his property will not give rise to an action for conversion."

As justification for submitting this instruction to the jury, counsel for plaintiff rely upon a familiar rule applicable to cases wholly dissimilar to the instant case. It was applied in *Obodov v. Foster,* 105 Colo. 254, 97 P. (2d) 426, in which the court used the following language (applicable to facts which were altogether different from those involved in the instant case):

"When refusals are not absolute, but are qualified by certain conditions which are reasonable, and which are imposed in good faith and in recognition of the rights of plaintiff, such refusals are an insufficient basis for an action in conversion."

■ We know of no authority, and none has been called to our attention, where this doctrine has been applied in a case where an unlawful and wholly unjustified seizure of chattel property was shown, the person allegedly converting it refusing thereafter to deliver it to the lawful owner. Only in cases in which possession has been lawfully acquired in the first instance by the person who allegedly thereafter converts it to his own use, may the question of qualified refusal be submitted to the jury. This is apparent from the statement of the general rule appearing in 89 C.J.S. 564, as follows:

"Where the refusal is not absolute, but is qualified by certain conditions which are reasonable and justifiable, and which are imposed in good faith and in recognition of the rights of plaintiff, it will not serve as a sufficient basis for an action for conversion. *The conditions, however, must have a legal foundation, or rest on a reasonable doubt as to the validity of plaintiff's claim or be based on a reasonable doubt as to defendant's duty under the circumstances.*" (Emphasis supplied.)

*Pennsylvania Fire Insurance Co. v. Levy,* 85 Colo. 565, 277 Pac. 779; *Pantz v. Nelson,* 234 Mo. App. 1043, 135 S.W. (2d) 397.

■ In the instant case there was not one word of testimony tending in any degree to provide a "legal foundation" for the seizure of defendant's property and the refusal to deliver it upon demand. The evidence considered in the light most favorable to the plaintiff establishes conclusively that his act in possessing the equipment, and arbitrarily demanding payment of his claim before the owner of the chattels would be permitted to take possession of them, amounted to an unlawful conversion of the property.

As to the counterclaim of defendant, the judgment is reversed and the cause remanded with directions to try the single issues of the value of the property at the time of conversion and the damage sustained by defendant, if any, above and beyond the value of the property.

Against the amount thus found to be due, the $287.00 judgment in favor of the plaintiff should be credited, and the judgment entered accordingly.

MR. JUSTICE DOYLE and MR. JUSTICE MCWILLIAMS concur.