No. 20,051.

FINANCE CORPORATION *v.* GENE WILSON KING.
(370 P. [2d] 432)

Decided April 2, 1962.   Rehearing denied April 23, 1962.

14

Mr. RICHARD M. HUCKEBY, for plaintiff in error.

No appearance for defendant in error.

*En Banc.*

MR. JUSTICE MOORE delivered the opinion of the Court.

WE will refer to the parties as follows: plaintiff in error as the corporation, and defendant in error as King.

The corporation in its complaint alleged that King purchased a motor vehicle on February 22, 1960, at which time he executed a combined note and chattel mortgage on said vehicle under which he obligated himself to pay $882.24 in twenty-four monthly installments. It was further alleged that King removed the vehicle from the State of Colorado without the consent of the corporation (purchaser and holder of the note and mortgage from the vendor of the vehicle); that the corporation was the lawful owner of said motor vehicle and entitled to possession thereof; that King "wrongfully withheld" the vehicle from the corporation and "has wrongfully and unlawfully converted" it to his own use; that he had defaulted in the payments due under his contract and that the amount due thereon was $840.10.

King by answer admitted the execution of the note and mortgage, but denied generally the other allegations of the complaint. As an affirmative defense he alleged that on August 10, 1960, he filed a voluntary petition in bankruptcy in the district court of the United States for the district of Colorado; that the debt evidenced by said note and chattel mortgage was included in his

schedule of debts; that the corporation was duly notified of said petition but entered no contest thereto; that the corporation, as a secured creditor, was allowed to recover the vehicle under an order of the bankruptcy court; that no fraud was committed by him; that the corporation was notified as to the location of the vehicle; and that the debt involved had been discharged by judgment of the bankruptcy court.

At the pre-trial conference counsel filed an instrument which bears the caption, "Memorandum of Facts for Pre-Trial." This instrument reads as follows:

Plaintiff represents to the Court that the following is a true and accurate statement of the facts in this case, and hereby offers to stipulate thereto with the defendant:

"1. Defendant, on February 22, 1960, purchased from Konrad Auto Sales a 1951 Willys Station Wagon, Serial #51FA113923, giving in payment therefor a trade-in vehicle and for the balance, a promissory note in the sum of $882.24, secured by a chattel mortgage of even date on the Willys Station Wagon.

"2. That subsequently Konrad Auto Sales assigned the note and mortgage to the plaintiff; and that the defendant made payments thereon aggregating $58.65, leaving due a balance of $823.29.

"3. That defendant defaulted the note referred to above on July 5, 1960.

"4. That on August 10, 1960, the defendant filed a voluntary petition in Bankruptcy in the United States District Court for the District of Colorado, under No. 26464, and that the plaintiff was listed therein as a secured creditor, and received notice of the Petition and filed a secured claim in said Bankruptcy on August 19, 1960, receiving leave to foreclose its security on September 14, 1960; and that defendant was granted a discharge in the Bankruptcy proceeding on April 12, 1961.

"5. That on August 28, 1960, the defendant was driving the Willys Station Wagon in the mountains near Provo,

16

Utah, and the emergency brake gave way and the car careened off the side of the mountain, where it fell into an inaccessible canyon, and where it still, to plaintiff's knowledge, remains.

"6. On September 1, 1960, the defendant wrote a letter to the plaintiff, which plaintiff received on September 3, 1960, advising plaintiff of the occurrence and inviting plaintiff to take possession of the automobile.

"7. Plaintiff's theory of the case is that while the defendant's obligation to pay the promissory note has, in effect, been discharged by the Bankruptcy proceeding, defendant is liable for the value of the automobile at the time of the occurrence set forth above because: (1) Defendant having defaulted the note prior to the filing of the Bankruptcy Petition, title to the auto had vested absolutely in the plaintiff, subject only to a right of redemption on the part of the defendant, and therefore he was from that time forward holding the car as trustee for the plaintiff, and is therefore liable for breach of his fiduciary duty; or that (2) the defendant was holding the car in trust for the plaintiff and converted it by placing it in an inaccessible position, and that the conversion having taken place after defendant's adjudication as a Bankrupt, could not be scheduled in the Bankruptcy Petition since the conversion took place after filing and the liability did not exist on August 10, 1960; or that (3) even though the obligation to pay money under the contract was discharged in the Bankruptcy proceeding, the defendant was still liable for the security, either by returning it to plaintiff, or paying to plaintiff its value.

"8. Plaintiff feels that the issue is entirely one of law, and is willing to stipulate to the facts recited in Nos. 1 through 6 above, and try the case on written briefs."

In the court's findings and judgment we find the following: "The Plaintiff seeks to hold the defendant liable, first, on the theory that the defendant, having violated the terms of the chattel mortgage by removing the car from the State of Colorado became a trustee for the

plaintiff and is liable for a breach of fiduciary duty; or, second, that the defendant was holding the car in trust for the plaintiff and converted it to his own use by placing it in an inaccessible position; or, third, that even though the obligation to pay the money under the contract was discharged in bankruptcy proceedings, the defendant was still liable for the security.

"The Court finds that while the defendant may have been in default in July, 1960, the Plaintiff made no effort to take the car into possession pursuant to the terms of the chattel mortgage, and that on August 10, 1960, when the defendant filed a voluntary petition in bankruptcy Plaintiff again failed to take the automobile into its possession and, instead, filed a petition as a secured creditor, and apparently did not have the petition heard until in September, at which time the bankruptcy Court gave the Plaintiff permission to take the car into its possession and to sell same to satisfy its security.

"That at the time of the accident in the mountains of Utah on August 28, the defendant had received no demand for the possession of the automobile, either by the plaintiff or by the bankruptcy court; and that he was driving the automobile as an owner of the car, subject to the action of the bankruptcy court; that the defendant was not a trustee and never was a trustee holding the car for the plaintiff, and that he was under no fiduciary relationship with reference to the plaintiff.

"The Court, therefore, denies the claim of liability on the part of the defendant based upon the theory of a trust relationship.

"The use of the automobile was vested in the defendant under the law until he was released therefrom, either by the plaintiff taking the same into possession after declaration of a forfeiture, or after filing of the petition in bankruptcy by the Receiver or Trustee in Bankruptcy. And while the defendant was so in the possession of the automobile, the law imposes upon him the duty to use

care in the use of the chattel; and he is only liable for the willful damage to the plaintiff.

■ "Under the agreed memorandum of facts there is no proof that the defendant was guilty of any willful act, and apparently the car careened off the side of the mountain because of a mechanical failure which cannot be construed in itself to be of a willful nature. In such a case, if there had been no bankruptcy proceedings, the plaintiff would have had to sue the defendant upon the note for recovery of a judgment, and would have no cause of action upon tort or otherwise under the facts of the case.

"The bankruptcy court having granted the defendant a discharge in bankruptcy proceedings on April 12, 1961, without making any note of the alleged destruction of the automobile, it is the opinion of the Court that such discharge acted as a discharge of the obligation, and for that reason the plaintiff is not entitled to recover."

Judgment entered in favor of King.

■ We adopt the language of the trial court above quoted, and in supplementation thereof direct attention to the case of *Davis v. The American National Bank of Denver,* 149 Colo. 34, 367 P. (2d) 325, from which we quote the following: "Counsel for Davis argue that the general rule governing actions for conversion is that a 'demand and refusal are never necessary, except to furnish evidence of the conversion; and when, without these, the circumstances are sufficient to prove the conversion, they are superfluous.' * * * The rule contended for is applicable to cases of an unlawful taking by the persons converting the property. * * *"

"It is equally well established that where possession of the property has been lawfully acquired and the defendant has not asserted title to it nor dealt with it in a manner inconsistent with the rights of the owner, there must be a demand and refusal before an action for conversion will lie. * * *"

The judgment is affirmed.