**ELECTROLUX CORPORATION, a Delaware Corporation, Plaintiff-Appellant,**

v.

**Allen R. LAWSON, K & L Distributing Corporation, Ray Rozycke, and Health-Mor, Inc., Defendants-Appellees.**

No. 81CA0329.

Colorado Court of Appeals,
Div. II.

Sept. 16, 1982.

Sherman & Howard, Edward W. Nottingham, Denver, for plaintiff-appellant.

Mosley, Wells & Spence, P.C., Philip E. Johnson, Morris B. Hoffman, Denver, McBride & Baker, G. Gale Roberson, Jr., Chicago, Ill., for defendants-appellees Ray Rozycke and Health-Mor, Inc.

Steinmark & Lawrence, Kim R. Lawrence, Greeley, for defendants-appellees Allen R. Lawson and K & L Distributing Corp.

STERNBERG, Judge.

In this action premised upon the tortious inducement of breach of contract, Electrolux Corporation appeals the summary judgment entered for the defendants, Allen R. Lawson, K & L Distributing Corp., Ray Rozycke, and Health-Mor, Inc. We affirm.

Lawson was Electrolux' branch manager. Prior to leaving Electrolux, he expressed his intention to open his own distributorship, and arranged a social gathering at his home with a number of his co-workers. At that gathering, Lawson announced a deadline by which any of those present would be required to elect to join him in his new enterprise, if they chose to do so.

Lawson discussed selling the products in his new business with defendant Health-Mor and arranged for its representative, Rozycke, to assist with the recruitment of a sales staff. A demonstration meeting was scheduled to recruit prospective sales personnel. Seven of Lawson's fellow employees from Electrolux attended the meeting, but Rozycke declined to discuss employment unless and until those employees tendered their resignations to Electrolux. They did so, and the demonstration meeting proceeded as planned. Six of those individuals later joined Lawson's firm; one withdrew his resignation and remained with Electrolux.

The trial court concluded: Lawson did not engage in any unlawful conduct so as to breach his fiduciary duty with Electrolux; the defendants did not tortiously cause a breach of the employment contracts between Electrolux and its employees because those contracts were terminable at will and the employees' resignations were not in breach of the contracts; Lawson did not convert property of Electrolux since the contract between Electrolux and Lawson required Electrolux to make demand upon Lawson for the return of any property which it admittedly had failed to do; and the defendants did not conspire to destroy Electrolux' business because nothing they did was unlawful.

I.

Electrolux first contends that Lawson breached his fiduciary duty to it, and that all of the defendants interfered with the contractual rights between Electrolux and its employees. We do not agree.

Although an agent/employee is subject to a duty not to compete with his principal/employer, he will not be liable for a breach of that duty unless he causes his fellow employees to breach a contract. *Restatement (Second) of Agency* § 393 comment e (1957). And, merely preparing to compete with his employer does not violate this duty. *United Aircraft Corp. v. Boreen*, 413 F.2d 694 (3d Cir.1969). Here, the employment contracts with Electrolux were terminable at will. Thus, the employee resignations did not constitute a breach of their employment contracts. *See Lampe v. Presbyterian Medical Center*, 41 Colo.App. 465, 590 P.2d 513 (1978); *Justice v. Stanley Aviation Corp.*, 35 Colo.App. 1, 530 P.2d 984 (1974). Lawson, not having induced any breach, did not act unlawfully.

Furthermore, one who causes a third party to terminate a contract terminable at

will does not improperly interfere with that relationship unless wrongful means, such as physical violence, fraud, civil suit, or criminal prosecution, are used. *Restatement (Second) of Torts* § 768 (1965). There is no allegation of any wrongful means here. As noted in *W. Prosser, Torts* § 129 at 945–56 (4th ed. 1971):

> "[T]he considerable weight of authority holds that there is a privilege of competition which extends to inducing the termination of agreements terminable at will, whether they concern equipment or other relations."

*See also* Annot., 24 A.L.R.3d 821 (1969); *Memorial Gardens v. Olympian Sales* (Colo. App. No. 80CA0235, announced September 9, 1982).

Contrary to Electrolux' contention, *Watson v. Settlemeyer*, 150 Colo. 326, 372 P.2d 453 (1962), does not require a contrary result. There, while upholding a judgment for unlawful interference with contract, the court, in dictum, stated that: "[I]t is immaterial that the contract is terminable at will." However, the ruling in *Watson* hinged on the entire course of conduct and purpose of the defendant in causing the demise of a business as opposed merely to competition by a former employee. *Radiology Professional Corp. v. Trinidad Area Health Ass'n, Inc.*, 195 Colo. 253, 577 P.2d 748 (1978) is more on point. It specifically provides that a plaintiff cannot recover for tortious interference with a contract that has not been breached.

## II.

 Electrolux next contends that the defendants conspired to induce breaches of contract by Electrolux' salesmen, to compete unfairly, and to destroy Electrolux' business. However, one of the elements of civil conspiracy is an unlawful overt act.

*Lockwood Grader Corp. v. Bockhaus*, 129 Colo. 339, 270 P.2d 193 (1954). Because, as discussed above, there was no unlawful act, this contention is without merit.

## III.

 Finally, Electrolux asserts that the court erred in not proceeding to trial on its claim against Lawson for conversions of certain items of personal property. The contract between Lawson and Electrolux provided in part:

> "You will be fully responsible for and, *when requested by us,* will account for all property now at your Branch or that may be delivered at your Branch while this agreement is in force. This is to include among other things, furniture and fixtures and merchandise. *You will pay to us on demand* the full prevailing retail price of any property you are unable to account for, irrespective of the cause." (emphasis supplied)

Thus, the court properly ruled that Electrolux had to make demand on Lawson to account for the allegedly converted property. Further, in his letter of resignation, Lawson indicated his intent to pay all balances due upon submission of a statement of operations and accounting. Under the circumstances, we agree that the provisions of the contract control this issue, and the court interpreted it correctly.

Judgment affirmed.

SMITH and VAN CISE, JJ., concur.