GLENN ARMS ASSOCIATES, Tom Hansen and Ed Willems, Plaintiffs-Appellees,

v.

CENTURY MORTGAGE & INVESTMENT CORPORATION, a Colorado corporation, and William Stromer, individually, Defendants-Appellants.

No. 81CA0664.

Colorado Court of Appeals, Div. I.

Feb. 9, 1984.

Rehearing Denied March 8, 1984.

Thomas C. Seawell, Lois T. Levinson, Denver, for plaintiffs-appellees.

The Law Offices of John M. Franks, John M. Franks, Chrissie Vidas, Denver, for defendants-appellants.

PIERCE, Judge.

Defendants, Century Mortgage and Investment Corporation and William F. Stromer (Century), appeal an amended judgment entered for plaintiffs, Glenarm Associates, Tom Hansen, and Ed Willems (Glenarm), upon Glenarm's claims for breach of contract and for conversion. We affirm in part, reverse in part, and remand with directions.

The parties executed a contract on January 16, 1979, which authorized Century to obtain a loan for Glenarm on certain terms and conditions, and provided that Century perform certain services within 30 business days. The 30 days expired on March 2, 1979, without Century performing, although Century claimed it did obtain the necessary loan commitment. The trial court found, upon conflicting evidence, that such performance occurred after March 2.

Glenarm fulfilled its contractual obligations by paying a $25,000 deposit to Century which was to have been placed in escrow. However, only $10,000 of that amount was ever placed in escrow by Century, and that, perhaps, for only a short period of time.

This dispute arose when, after March 2, 1979, Glenarm claimed that Century had neither performed its obligations under the contract, nor, after demand, returned the $25,000 deposit. Century and Stromer claimed a "good faith" defense to the conversion claim on the ground that they had reason to believe they were entitled to the fee because they believed they had performed their contractual obligations in a timely fashion.

Upon trial to the court, the court found that, although a loan commitment was obtained, such performance occurred after March 2. It concluded: (1) that Stromer had acted only as Century's agent; (2) that

Century had breached its contract with Glenarm; (3) and also that Century and Stromer had jointly and severally converted the funds. The trial court also found that the initial $10,000 of the $25,000 deposit was placed in an escrow account in accord with the terms of the contract. Concerning the remaining $15,000 amount which, after Century's receipt, was deposited in various accounts including Stromer's personal checking and the Century corporate checking account, and not the escrow account, the court found such deposits had not occurred at Stromer's direction. Judgment entered for Glenarm for the return of the $25,000 deposit.

## I.

Century's principal assertion is that the trial court erred when it amended its original judgment to favor Glenarm on the conversion claim. We agree in part.

 Conversion is defined as any distinct, unauthorized act of dominion or ownership exercised by one person over personal property belonging to another. *Byron v. York Investment Co.*, 133 Colo. 418, 296 P.2d 742 (1956). Although the act of conversion takes place at the time the converter takes dominion over the property, predicates to a successful claim for conversion are the owner's demand for the return of property, and the controlling party's refusal to return it. See *Finance Corp. v. King*, 150 Colo. 13, 370 P.2d 432 (1962); *see also Electrolux Corp. v. Lawson*, 654 P.2d 340 (Colo.App.1982).

 Here, the $25,000 deposit was given to Century to be placed in escrow in accord with the terms of the contract. After the expiration of the 30-day period, Century had not performed, and had placed the funds elsewhere than in escrow, thereby taking dominion over the funds. Glenarm then twice requested the return of the deposit. Each request was refused. Therefore, the elements for a claim of conversion were met.

 Century claims there could be no conversion because it had a qualified right of refusal to return the $25,000. A qualified refusal to return an owner's property is described as one which occurs under conditions which render that refusal reasonable. It must be asserted in good faith and in recognition of the rights of the party to whom the property lawfully belongs. If these elements are proved, a defense to a conversion claim is established. *Obodov v. Foster*, 105 Colo. 254, 97 P.2d 426 (1939). The good faith defense asserted by Century does not rise, however, to the level of a qualified refusal which would defeat an action for conversion. The only evidence on this issue was Stromer's statement that he believed defendants were entitled to retain the $25,000 for performing contractual obligations. This assertion, standing alone, failed to recognize the rights of Glenarm. Therefore, the trial court's amended order rejecting Century's good faith defense was proper.

 Century also asserts it cannot be held liable for conversion of the $25,000 deposit because the trial court found that Stromer had not contributed to the transfer of the funds. We agree in part. Because the trial court finally determined that Stromer had not contributed to the transfer of funds to various accounts, other than to the escrow account, we find no basis for its judgment against Stromer on the conversion claim. Therefore, we reverse that portion of the trial court's judgment on the conversion claim which finds Stromer jointly and severally liable.

## II.

The next issue is whether the measure of damages used by the trial court in entering judgment for Glenarm on its conversion claim was incorrect.

 The measure of damages for conversion is generally the value of the converted property at the time and place of the misappropriation plus interest at the legal rate from the time of the conversion until the time of trial. *Masterson v. McCroskie*, 194 Colo. 460, 573 P.2d 547 (1978).

Here, the trial court entered judgment upon the conversion claim in the amount of $25,000 only. In its findings, however, the trial court determined that $10,000 of the $25,000 deposit was deposited in the escrow account although at least some evidence would indicate that it was removed from escrow by Century shortly thereafter. The remaining $15,000 was transferred to various bank accounts on dates not specified by the court. The entire $25,000, therefore, was converted in various amounts, but not all at the same time.

Since Glenarm is entitled to interest on the amounts converted from the dates of the conversions, the judgment of $25,000 is inadequate and must be recomputed. *See Andersen-Randolph Co. v. Taylor*, 146 Colo. 170, 361 P.2d 142 (1961).

Because the findings entered by the trial court are insufficient for this court to determine the appropriate amount of prejudgment interest to be awarded Glenarm, we reverse the judgment entered on the conversion claim, and remand for further findings by the trial court regarding the dates of the conversions.

The other allegations of error made by Century are without merit.

That portion of the judgment finding Century Mortgage and Investment Corporation liable on the breach of contract and conversion claims is affirmed. That portion of the judgment awarding damages against the corporation on the conversion claim is remanded for further hearings, if necessary, and for recomputation. The judgment against William F. Stromer is reversed.

BERMAN and METZGER, JJ., concur.