Ernest H. **COCKRELL, Plaintiff,**

v.

**UNITED BANK OF DENVER NATIONAL ASSOCIATION, Defendant,**

**and**

**Energetics Operating Company, Intervenor-Defendant.**

**Civ. A. No. 86–K–1672.**

United States District Court, D. Colorado.

July 24, 1987.

Joseph Henry Stephens, & Steve Neil Riner, Stephens & Willey, Houston, Tex., and Andrew A. Brodkey, Gorsuch, Kirgis, Campbell, Walker & Grover, Denver, Colo., for plaintiff.

Paul G. Hyman, Jr., & Mark J. Gilbert, Holme Roberts & Owen, Denver, Colo., for United Bank of Denver Nat. Ass'n.

Harold G. Morris, Jr., & Catherine J. Boggs, Sherman & Howard, Denver, Colo., for Energetics Operating Co.

## MEMORANDUM OPINION AND ORDER

KANE, District Judge.

This myriad of claims, crossclaims and counterclaims arises from an action taken by plaintiff to recover funds held by defendant bank. Jurisdiction is based upon diversity of citizenship, 28 U.S.C. § 1332.

In June 1983, plaintiff and Energetics Inc. agreed to embark upon an oil and gas prospect in Texas. It was envisaged that Energetics would manage the required drilling. Plaintiff was to participate in a non-operational capacity and agreed to bear one-third of the costs of the drilling of the test well. Energetics undertook to pay one-half of these costs and the remainder was to be borne by a third party.

This arrangement was given effect by two agreements. A participation agreement was executed in December 1983 and dated June 1, 1983. In November 1983, plaintiff and Energetics executed an escrow agreement. Under the terms of these agreements, an escrow account was opened in defendant bank. Plaintiff deposited $351,333.00 in the account. The agreements provided defendant bank would transfer funds from this account to Energetics upon the presentation by Energetics of invoices indicating expenses incurred during the drilling of the test well. The total amount drawn on the account by Energetics amounted to $210,449.98.

In April 1986, plaintiff sought to close the escrow account and withdraw the remaining funds. Defendant bank refused to allow him do so, fearing that by so doing it would incur liability to Energetics. Energetics had informed defendant it believed it had an interest in the remaining funds

which currently amounts to $198,347.00. Plaintiff maintains he has a right under the escrow agreement to the outstanding balance in the account and that Energetics has no valid claim.

From this point the procedural history of the case complicates. I find it helpful to outline the developments in some detail.

1. Plaintiff filed his initial complaint on August 6, 1986. This was amended September 11, 1986. Plaintiff now seeks judgment against defendant for the amount of $149,883.02 and accumulated interest. Plaintiff also claims against defendant for conversion.

2. On August 25, 1986, defendant filed a motion to dismiss for failure to join a third party pursuant to Rule 19.

3. On October 20, 1986, plaintiff filed a motion for summary judgment.

4. On November 10, 1986, Energetics Operation Company, the successor-in-interest to Energetics Inc., filed;

(a) A motion to intervene,

(b) An answer to the complaint of plaintiff,

(c) A counterclaim against plaintiff claiming damages for breach of contract and unjust enrichment,

(d) A cross-claim against defendant bank seeking reimbursement of the outstanding balance in the escrow account and accumulated interest.

5. On November 24, 1986, defendant filed a counterclaim against plaintiff, a cross-claim against Energetics and a motion for interpleader pursuant to Rule 22.

6. On January 5, 1987, plaintiff filed a further motion for summary judgment. This motion was directed against the counterclaim of defendant and the counterclaim of Energetics.

7. On January 28, 1987, defendant moved for summary judgment on its counterclaim and cross-claim for interpleader.

None of these motions has yet been ruled on. I am now faced with six outstanding motions; the Rule 19 motion, the Cockrell Rule 56 motion, the Energetics intervention motions, the Rule 22 motion, the second

Cockrell summary judgment motion and defendant's summary judgment motion.

At the crux of these claims, cross-claims and counterclaims lies paragraph 14 of the escrow agreement. This reads as follows,

> This Escrow agreement shall continue in effect until the Test Well is drilled to Objective Depth and three months thereafter to allow time for all creditors to present invoices. The Escrow Agreement may also be terminated upon agreement of all parties hereto and at such time as all funds are disbursed from the Escrow Account. The Escrow Account will be closed and the Escrow Agreement will be terminated upon request by Cockrell.

Plaintiffs argument regarding paragraph 14 is simple. He claims this agreement was terminated as provided for by the provision. Energetics did not draw funds within the allotted time period and accordingly plaintiff maintains he has an exclusive right to the remaining balance in the account.

Energetics claims, however, it has an outstanding interest in the proceeds in the account. It maintains it incurred substantial expenses on Cockrell's behalf in drilling the test well for which it has yet to be reimbursed. Its counterclaim against plaintiff alleges breach of contract and unjust enrichment.

Neither plaintiff nor defendant objects to Energetics' intervention in the dispute. It is within the terms of FRCP Rule 24 that this motion be granted.

This renders defendant's Rule 19 motion moot. It is stricken.

Both plaintiff and defendant move for summary judgment regarding defendant's interpleader counterclaim.

I can hardly imagine a situation in which the historically equitable device of interpleader would be more appropriate.

The primary test for determining the propriety of interpleading the adverse claimants and discharging the stakeholder ... is whether the stakeholder legitimately

fears multiple vexation directed against a single fund.

Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d § 1704.

■ Plaintiff's sole argument against this is that Energetics has no valid claim against him. This will not suffice to counter the motion for interpleader. The claim Energetics seeks to pursue is not so groundless as to justify dismissing the interpleader motion. While, as I shall discuss, Energetics does not in law have a claim to the funds in the account, its argument is not so frivolous as to warrant a denial of interpleader. It is not the court's function at this stage to examine the merits of the respective claims. The essential prerequisite of such a motion is that movant's claim be bona fide. I have no doubt about the bona fides of defendant bank and plaintiff has not alleged otherwise. Defendant's motion for summary judgment for interpleader is granted.

Defendant bank also seeks its attorneys fees and costs incurred in this action. Paragraph 13 of the escrow agreement provides the escrow agent shall be indemnified for "all liabilities, claims, losses, expenses, attorney's fees, damages or other liabilities" incurred by or asserted against defendant "not resulting from gross negligence or wilfull misconduct of Escrow Agent".

■ Plaintiff asserts both in its response to defendant's motion for summary judgment on the interpleader point and in the Cockrell Rule 56 motion that defendant has committed the tort of conversion with respect to the remaining balance in the escrow account. I reject this contention. Defendant had a qualified right of refusal to turn over the balance of the account. This was asserted in good faith, *Glenn Arms Associates v. Century Mortgage & Investment Corporation* 680 P.2d 1315, 1317 (Colo.App.). It was also asserted in recognition of the rights of the lawful owner. Defendant has consistently sought from the very initiation of these proceedings to have the funds transferred to this court in order for a determination to be made as to which of the parties to the escrow agreement was the rightful owner of the funds in question.

Defendant has not been guilty of willful misconduct or gross negligence in its handling of this matter. It shall accordingly be awarded its attorneys fees and costs.

Accordingly, defendant's motion for summary judgment is granted. Defendant is discharged from this action. The funds shall be transferred into the registry of the court forthwith.

The Cockrell Rule 56 motion is stricken. The Energetics cross-claim against defendant is stricken. The second Cockrell summary motion insofar as it relates to defendant's counterclaim is stricken.

In respect of the remaining motions, I can slice the procedural monkey puzzle the parties have managed to construct around themselves by viewing the matter henceforth as a direct dispute between plaintiff and Energetics with regard to a fund in the registry of the court.

Energetics makes two claims against plaintiff, one for breach of contract and the second for unjust enrichment. The breach of contract claim alleges plaintiff undertook to pay expenses incurred in the course of drilling the test well, that the well was drilled by Energetics in accordance with the terms of the agreement and that it incurred expenses in so doing. Plaintiff, it maintains has not reimbursed it for all the expenses so incurred and has breached the contract in refusing to do so.

■ The breach of contract claim is groundless. Both the escrow agreement and the participation agreement make it a clear precondition of Energetic's recovering funds from the escrow account that it should first pay the expenses in question and then present receipts and invoices as relevant before recovering any money from the account. Article VII.C of the operating agreement, attached to the participation agreement provides;

Operator shall *promptly* pay and discharge expenses incurred in the development and operation of the Contract area pursuant to this agreement and shall

charge each of the parties hereto with their respective proportionate shares.... Emphasis added.

Similarly, Article 6 of the escrow agreement provides the escrow agent shall "mail Energetics' check to the creditor sending the invoice and transfer from the Escrow account to Energetics' Operating Account the 33.3333% share thereof of Cockrell."

Without question Energetics failed to do this. The terms of the agreement dictate that Energetics' right to the funds in question only materialized upon presentation of these invoices. While the agreement was extant Energetics exercised this right with respect to only $201,449.98 of the $351,333.00 lodged in the account. Accordingly plaintiff had an exclusive right to the remaining balance.

Energetics has failed to present any argument to counter the plain terms of these agreements. Nowhere in the course of their argument have they suggested either (1) these provisions were permissive rather than mandatory or (2) they complied with the terms of these articles. I can see nothing in the facts as presented by the parties which might lead to either such conclusion.

Energetics maintains there are two issues of fact yet to be resolved in the context of the breach of contract claims. First it asserts there is a dispute between the parties as to whether Energetics has paid the expenses associated with the test drill. If such a dispute exists, it is completely irrelevant to Energetics' breach of contract claim. Energetics does not gain by proving it paid the expenses, it looses by failing to prove it paid and claimed for those expenses within the allotted time and in the manner provided for in the agreement.

Second, Energetics claims there is a dispute of fact as to the intention of the parties in executing the escrow agreement and the participation agreement. This is relevant, it claims, for the purposes of determining which agreement should control. Once again, should such a dispute exist, it is not relevant to the claim. The participation agreement and the escrow agreement are in perfect accord on the necessary procedure.

Energetics' claim for unjust enrichment is similarly groundless. Energetics has failed to cite any authority for the proposition that a party may sustain a claim for unjust enrichment in parallel with express contractual provisions.

Energetics pin point the exact dilemma facing it when it assert;

The Escrow agreement was a mechanism by which Cockrell could satisfy its obligations to pay its share of expenses under the Participation and Operating agreements

That mechanism revolved around a specific catalogue of procedural safeguards. The fact those safeguards may have leaned in favor of plaintiff is neither here nor there. Energetics failed to comply with those procedures. In so doing it extinguished any nascent right it may have had to funds in the account.

Plaintiff's motion for summary judgment on the counterclaims of Energetics is granted.

It is accordingly ORDERED

1. Energetics' motion to intervene is GRANTED.

2. Defendant's motion to dismiss for failure to join a third party is STRICKEN.

3. Defendant's motion for summary judgment on its counterclaim and crossclaim for interpleader is GRANTED.

4. Defendant shall deposit in the registry of the court forthwith the remaining balance in the escrow account.

5. Plaintiff's motion for summary judgment on its amended complaint against defendant is STRICKEN.

6. Plaintiff's motion for summary judgment regarding counterclaim of defendant is DENIED.

7. Plaintiff's motion for summary judgment regarding counterclaim of Energetics is GRANTED.

8. Pursuant to 28 U.S.C. § 2042, plaintiff shall move the court to withdraw those funds lodged pursuant to paragraph four of this order.

9. Plaintiff and Energetics shall bear their own costs in this action.

10. Plaintiff and Energetics shall bear costs of defendant in this action. Defendant shall file its bill of costs and attorneys fees within ten days.