OXY ·USA INC. and Oxy
Helex Inc., Plaintiffs,

v.

PANHANDLE EASTERN PIPE LINE COMPANY, National Helium Corporation, Williams Natural Gas Company, Mobil Oil Corporation, and Mesa Operating Limited Partnership, Defendants.

Civ. A. No. 91–4055–S.

United States District Court,
D. Kansas.

Aug. 20, 1991.

Mark D. Hinderks, Roger D. Stanton, Stinson, Mag & Fizzell, Overland Park, Kan., Lawrence M. Berkowitz, Matthew J. Verschelden, Stinson, Mag & Fizzell, Kansas City, Mo., Darrel A. Kelsey, Craig L. Rainey, Charles A. Purser, Tulsa, Okl., for Oxy USA Inc.

Jack Glaves, James M. Munyon, V, Law Offices of Jack Glaves, Wichita, Kan., Kenneth N. McKinney, Robert D. Tomlinson, Mary E. Mott, A. Michelle Campney, McKinney, Stringer & Webster, P.C., Oklahoma City, Okl., for Panhandle Eastern Pipe Line Co., and National Helium Corp.

Donald W. Bostwick, Teresa J. James, Adams, Jones, Robinson & Malone, Wichita, Kan., Jack P. Grimaldi, The Williams Companies, Inc., Lewis A. Posekany, Williams Natural Gas Co., Tulsa, Okl., Thomas F. Cullen, Mary L. Hartman, Jones, Day, Reavis & Pogue, Washington, D.C., William J. Sears, Williams Natural Gas Co., Tulsa, Okl., for Williams Natural Gas Co.

Robert W. Coykendall, Joseph W. Kennedy, Morris, Laing, Evans, Brock & Kennedy, Chtd., Wichita, Kan., Anthony F. Rupp, Shughart, Thomson & Kilroy, Overland Park, Kan., Thomas A. Sheehan, John M. Kilroy, R. Lawrence Ward, Jennifer Gille Bacon, Russell S. Jones, Jr., Shughart, Thomson & Kilroy, P.C., Kansas City, Mo., Peter W. Goodwin, Mobil Natural Gas, Inc., Houston, Tex., for Mobil Oil Corp.

Richard C. Byrd, Anderson, Byrd, Richeson & Flaherty, Ottawa, Kan., Gary M. Prescott, Mesa Operating Ltd. Partnership, Irving, Tex., James Edward Maloney, Jane A. Nenninger, Baker & Botts, Houston, Tex., for Mesa Operating Ltd. Partnership.

Richard C. Hite, Steven D. Gough, Kahrs, Nelson, Fanning, Hite & Kellogg, Wichita, Kan., James D. Senger, Thomas A. Gottschalk, Kirkland & Ellis, Washington, D.C., William J. Noble, Mary S. Haskins, Chicago, Ill., for Amoco Production Co.

## MEMORANDUM AND ORDER

SAFFELS, Senior District Judge.

This matter is before the court on Williams Natural Gas Company's ("Williams") motion to dissolve the injunction prohibiting Williams, Mobil Oil Corporation ("Mobil"), and Mesa Operating Limited Partnership ("Mesa") from instituting or prosecuting any proceeding affecting the obligation owed by Oxy Helex, Inc. ("Helex") for processing rights to natural gas produced by Mesa and Mobil. Also before the court is Williams' motion to dismiss the interpleader action or, in the alternative, to increase the interpleader bond. Williams' motions to dissolve the injunction and dismiss the interpleader action will be denied for the reasons set forth below.[1]

## BACKGROUND

On April 3, 1991, OXY USA, Inc. and Helex filed a complaint in this court involving the processing rights for natural gas transported by interstate pipeline companies for delivery to the natural gas producers' customers. The claims include alleged federal and state antitrust violations, common law bailment, conversion, and unjust

---

1. Having reviewed the motions, the court finds that oral argument would not be of material assistance in resolving the issues now before the court. D.Kan.R. 206(d).

enrichment claims, and contract disputes between the parties regarding the ownership of the processing rights. The dispute regarding the natural gas processing rights comprise Helex's interpleader action. Also on April 3, 1991, Helex sought to enjoin Mobil, Mesa, and Williams from instituting or prosecuting in any state or United States court any proceeding affecting the obligation involved in the interpleader action. This included Williams' declaratory judgment action then pending in a Delaware state court.

This court granted Helex's motion for an injunction, and ordered Helex to give a bond payable to the clerk of the Court in the amount of $1,850,000. This court further ordered that it would entertain reconsideration upon written objection by Williams, Mesa, or Mobil. Williams has requested this court reconsider and dissolve the injunction and dismiss the interpleader claims on the basis that Helex's interpleader action is not properly before this court. In the alternative, if this court finds the interpleader action is proper, Williams seeks to have the bond increased to an amount it contends reflects the entire amount in controversy.

## INTERPLEADER

The only basis Williams alleges for dissolving the injunction is the invalidity of the interpleader action. Statutory interpleader is governed by 28 U.S.C. § 1335, which states in pertinent part:

> The district courts shall have original jurisdiction of any civil action of interpleader or in the nature of interpleader filed by any person, firm, or corporation, association, or society having in his or its custody or possession money or property of the value of $500 or more, or providing for the delivery or payment or the loan of money or property of such amount or value, or being under any obligation written or unwritten to the amount of $500 or more....

In addition, the statute requires that two or more parties be claiming, or may claim, entitlement to the money or property, or benefits arising by virtue of the obligation.

Further, the fund must be paid into the court or a bond given in an amount deemed proper by the court in order to properly invoke the interpleader action.

Because the only challenge to the injunction is the propriety of the interpleader action, the court finds that, if the interpleader action is properly invoked in this case pursuant to 28 U.S.C. § 1335, the injunction previously granted by this court under the authority of 28 U.S.C. § 2361 will continue in force and effect to the end of the current litigation.

■ Statutory interpleader is remedial in nature and its application should be liberally construed to prevent stakeholders from being subject to multiple liability, as well as protecting them from the expense of multiple litigation. *New York Life Ins. Co. v. Welch*, 297 F.2d 787 (D.C.Cir.1961).

Williams first argues that statutory interpleader is not properly invoked because there is no single obligation or fund. Rather, it contends, the contracts between Helex and Williams, and between Helex and the producers create different obligations which are not mutually exclusive. Williams further contends Helex is independently liable to Williams and the producers under the contracts Helex voluntarily entered into, and this lawful commitment to more than a single obligation prevents the application of statutory interpleader. Further, Williams argues Helex created its own problem by knowingly exposing itself to multiple liability and Helex's inequitable conduct prevents it from invoking the interpleader action.

This court does not find Williams arguments persuasive and finds that the statutory interpleader action is properly before this court.

Although Williams attempts to distinguish *Northern Natural Gas Company v. Grounds*, 292 F.Supp. 619 (D.Kan.1968), *aff'd in part, rev.'d in part*, 441 F.2d 704 (10th Cir.), *cert. denied*, 404 U.S. 951, 92 S.Ct. 268, 30 L.Ed.2d 267 (1971), that case provides guidance for the application of interpleader in the instant case. *Northern Natural Gas* was eight consolidated cases

involving the ownership of helium contained in or extracted from certain natural gas produced from the Hugoton gas area. In addressing whether statutory interpleader was proper in that case, the court found the fund, as contemplated by the statute, was proceeds received or to be received for the sale of the helium. In the words of the court:

> Again, stated more broadly, the subject matter of the action consists of the obligation of National Helium to pay the proceeds received by it as payment for helium sold to the United States or to any other purchaser, to any person found to be the owner of such helium, or to be otherwise entitled to share in the proceeds of the sale. 292 F.Supp. at 638.

The court, in one of the eight cases before consolidation, rejected a jurisdictional challenge based upon an alleged deficiency in the fund and stated "that the 'subject matter in controversy as contemplated by the interpleader statute is the claim of ownership under the mineral leases of the helium produced and marketed.'" 292 F.Supp. at 638. The court's determination was upheld by the Tenth Circuit in *Grounds v. Northern Natural Gas Co.*, 327 F.2d 1003 (10th Cir.1964).

■ In the instant case Williams contends there is not a specific identified fund against which claims are asserted, such as in *Northern Natural Gas*. Rather, there are competing claims of ownership of the processing rights, but no fund against which those claims are asserted. The court finds this is not fatal to the court's jurisdiction. The interpleader statute also contemplates written obligations of more than $500, with two or more adverse claimants that may claim the benefits arising by virtue of such obligations. The court finds the fund is the proceeds paid and to be paid by Helex for the right to extract the natural gas liquids from the gas transported by Williams for the other producers. Put another way, the subject matter of the interpleader action, as contemplated by 28 U.S.C. § 1335, is the claim of ownership by Williams, Mesa, and Mobil to the same natural gas liquids processing rights. Mesa and Mobil claim to own the process-ing rights to the natural gas they contract with Williams to transport, while Williams claims to own the processing rights to the same gas. Accounting to both Williams and the producers for extracting the natural gas liquids would subject Helex to multiple liability for a single obligation. This is exactly what the interpleader statute was meant to prevent. The fact that Mesa and Mobil receive return of the natural gas liquids in kind, while Williams is to receive payment in cash does not invalidate the interpleader action. Both Williams and the producers are claiming benefits arising from each party's claim to the same natural gas processing rights.

Williams asserts that Helex is, in fact, accounting to Mesa and Mobil for extraction of the natural gas liquids based upon a statement in its memorandum of support of the motion for the injunction. Therefore, Williams asserts there are no competing claimants for the amount in controversy reflected by the interpleader bond. Helex did state it had "accounted to these producers for the processing rights associated with their transportation gas," but no further evidence was presented to this court as to the continuing nature of such accounting. Further, Helex also stated in its memorandum of support that the conflict needed to be resolved in order for Helex to pay the proper party, reflecting a concern about its liability to Williams, Mesa and Mobil. The court finds, based upon the record before it, that Helex faces potential double or multiple liability from the producers' claims to ownership of the natural gas liquids processing rights.

The court finds Helex's interpleader action is properly before this court and, therefore, the injunction previously granted will continue in force and effect. The court declines to address Williams arguments regarding the inequity of Helex's conduct and the parties' obligations under the various contracts. The court does not know, nor may it address, which party owns the processing rights to the natural gas. This must await adjudication on the merits and any determination at this stage of the litigation would be premature. *Cockrell v.*

*United Bank of Denver Nat. Ass'n.*, 664 F.Supp. 1398, 1401 (D.Colo.1987). Finding that jurisdiction exists under statutory interpleader, the court further declines to decide whether jurisdiction would also be proper under rule interpleader, Fed. R.Civ.P. 22.

### INTERPLEADER BOND

Defendant Williams has filed both a motion and an amended motion to increase the amount of the interpleader bond given by Helex. The current bond amount is $1,850,000, and covers only the amount in controversy for the months of April through September 1990, according to Williams. Williams requests the bond be set at the current amount in controversy of some $9,677,000, to increase periodically to reflect the increasing claim.

Having reviewed the parties' motions and memoranda, the court finds the bond should be set at $5,000,000. It is the opinion of the court that this amount will ensure compliance with any future order or judgment of the court with regard to the subject matter in controversy. The court, however, leaves open the possibility of further review of the amount of bond as the litigation progresses.

IT IS BY THE COURT THEREFORE ORDERED that Williams Natural Gas Company's motion to dismiss the interpleader action and dissolve the injunction is hereby denied. (Docs. 30, 31).

IT IS FURTHER ORDERED that the amount of interpleader bond is increased from $1,850,000 to $5,000,000. (Doc. 28).