953 F.2d 1392
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 S & G PLACER MINING LIMITED PARTNERSHIP, a Colorado limited
partnership and Thomas A. Smith, Plaintiffs-Appellees,
v.
Stanley GOLDSMITH and John Murphy, Defendants-Appellants.
 No. 90-1348.
 United States Court of Appeals, Tenth Circuit.
 Jan. 28, 1992.
 
 Before LOGAN and BARRETT, Circuit Judges, and KELLY,* District Judge.
 ORDER AND JUDGMENT**
 BARRETT, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Defendants appeal[1] from an adverse district court judgment awarding Plaintiffs $147,150.00 in damages plus interest on their claim for Defendants' conversion of assets owned by Plaintiff S & G Placer Mining Limited Partnership, in which Plaintiff Smith and Defendant Goldsmith were general partners. Two separate decisions of the district court are subject to review herein, namely, its order of March 29, 1990, granting partial summary judgment for Plaintiffs on Defendants' liability for conversion, and its order of October 25, 1990, awarding damages in accordance with its findings of fact and conclusions of law issued from the bench the same day.
 
 
 3
 The first issues raised by Defendants challenge the district court's entry of partial summary judgment for Plaintiffs on the basis of the factual record developed prior to trial. These matters claim our de novo review under the same legal standard applied by the district court pursuant to Fed.R.Civ.P. 56(c). Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc., 912 F.2d 1238, 1241 (10th Cir.1990). Accordingly, we "examine the record to determine if any genuine issue of material fact was in dispute; if not, we determine if the substantive law was correctly applied." Id. The largely undisputed historical facts pertinent to the determination under review are recited in the parties' briefs. We shall refer only to particular matters as necessary in the course of our analysis.
 
 
 4
 Colorado law controls the substantive issues presented in this diversity action. See Budd v. American Excess Ins. Co., 928 F.2d 344, 346 (10th Cir.1991). Thus, for our purposes, conversion is "any distinct, unauthorized act of dominion or ownership exercised by one person over personal property belonging to another." Byron v. York Inv. Co., 296 P.2d 742, 745 (Colo.1956); Glen Arms Assocs. v. Century Mortgage & Inv. Corp., 680 P.2d 1315, 1317 (Colo.Ct.App.1984). Plaintiffs claimed, and the district court agreed, that Defendants converted partnership assets under this rule in that, following the cessation of mining activities in December 1983, Defendants removed virtually all of the partnership's mining equipment from the site without authorization and subsequently failed to return it even after Plaintiffs obtained court orders directing them to do so.
 
 
 5
 Defendants maintain that the requisite unauthorized act of dominion or ownership over the partnership assets was precluded by virtue of Defendant Goldsmith's status as a general partner. However, a partner's interest in partnership property is clearly limited vis-a-vis copartners and the partnership itself. See Roberts v. Roberts, 198 P.2d 453, 454 (Colo.1948); 68 C.J.S. Partnership § 87 at 527 (in the absence of agreement, neither partner has any right to exclusive possession of partnership property). Consequently, "[a] partner who uses firm property or funds for his own advantage without the consent of the other partners is guilty of a misappropriation." 68 C.J.S. Partnership § 88 at 528; see, e.g., Mumm v. Adam, 307 P.2d 797 (Colo.1957).[2]
 
 
 6
 We agree with the district court's holding that, at some point, Defendants undeniably assumed exclusive control over the partnership's property and, thus, were liable for conversion as a matter of law. We emphasize in this regard that we need not decide whether Defendants' initial conduct in removing the mining equipment from the site was alone sufficient to warrant summary judgment on the issue of liability, since their uncontroverted failure to comply with Plaintiffs' court-supported demands for return of the property established their wrongful possession and, consequently, conversion thereof as a matter of law. See generally Finance Corp. v. King, 370 P.2d 432, 435 (Colo.1962) (although demand for property and subsequent refusal are not necessary where surrounding circumstances are sufficient in themselves to prove conversion, where possession of property was lawfully acquired and defendant has not acted inconsistently with rights of owner, an action for conversion will lie only if there has been a demand and refusal); Worley v. Sancetta, 540 P.2d 355, 357-58 (Colo.Ct.App.1975) (illustrating same principle).
 
 
 7
 Defendants also argue at some length that summary judgment on liability was precluded by a genuine dispute regarding exactly when the asserted conversion took place, a factual matter which, Defendants emphasize, the district court admittedly did not resolve until the close of trial months after the entry of summary judgment. The only authority cited by Defendants for their contention that Plaintiffs must prove the precise date of the asserted conversion as an element of their case on liability, Beneficial Fin. Co. v. Sullivan, 534 P.2d 1226 (Colo.Ct.App.1975), does not establish any such requirement. In Sullivan, the court of appeals merely recited and applied the standard definition of conversion set out above, without any suggestion of the novel gloss Defendants seek to impose thereon. See id. at 1229. Indeed, in Glenn Arms Associates, the court of appeals provided a rather clear indication that though the specific date of conversion may be critical to the determination of damages (where time would affect the value of converted property and computation of prejudgment interest), it is not necessary to the analytically prior issue of liability. See Glenn Arms Assocs., 680 P.2d at 1318 (where proof of precise date of conversion of funds lacking, prejudgment interest award must be vacated, but underlying judgment for liability in conversion unaffected). The district court did not err in granting Plaintiffs summary judgment on liability without specifying, as a matter of law, a particular date on which the conversion took place.
 
 
 8
 The next two objections raised by Defendants relate to the issue of damages. Since this issue was resolved by trial to the bench, the district court's findings in this regard "whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses." Fed.R.Civ.P. 52(a); see Salve Regina College v. Russell, --- U.S. ----, 111 S.Ct. 1217, 1222 (1991) (Rule 52(a) sets standard for appellate review of district court's findings of fact). A finding of fact is not clearly erroneous unless "it is without factual support in the record, or if the appellate court, after reviewing all the evidence, is left with the definite and firm conviction that a mistake has been made." LeMaire ex rel. LeMaire v. United States, 826 F.2d 949, 953 (10th Cir.1987).
 
 
 9
 Defendants' first argument on damages is that Plaintiffs should have been granted only a nominal award of one dollar, because Plaintiffs failed to present any probative evidence on the issue. The measure of damages for conversion is generally the value of the converted property at the time of its misappropriation. Masterson v. McCroskie, 573 P.2d 547, 551 (Colo.1978). The particular date of conversion is obviously critical here, but Defendants do not challenge the district court's factual finding that conversion took place in January 1984, when Defendants removed the partnership equipment from the mining site. Rather, Defendants contend that Plaintiffs' evidence, which related to the purchase price of the equipment rather than its assessed value at the time of conversion, was legally inadequate to support any award of compensatory damages. However, cost price is probative of conversion damages if it is "related to the condition of the property at the time of the alleged conversion." Byron, 296 P.2d at 747; see, e.g., Colorado Kenworth Corp. v. Whitworth, 357 P.2d 626, 631 (Colo.1960) (evidence of cost and subsequent short-term use sufficient for determination of value at time of conversion). The district court's reliance on such evidence here, where the partnership's equipment was purchased at auction, used for some five weeks of operation, and then promptly converted, was not improper. We note that Defendant Murphy testified regarding the use and condition of the equipment and, in a number of instances, the district court adjusted the cost price downward to account for his testimony.
 
 
 10
 Defendants' second objection to the damage award is that the district court impermissibly substituted its own opinion of the value of some of the equipment for the evidence presented at trial. Specifically, Defendants complain that the determined value for some items was neither the cost price (Plaintiffs' evidence) nor Defendant Murphy's estimate (Defendants' evidence), but some intermediate figure, which, in Defendants' view, thereby had no evidentiary support whatsoever. This argument presumes a far too limited role for the district court in assessing the weight and credibility of conflicting evidence. A trial court's determination of value from within a range of competing estimates is entirely proper.[3] See, e.g., American Nat'l Bank v. Etter, 476 P.2d 287, 291 (Colo.Ct.App.1970); Tom W. Carpenter Equip. Co. v. General Elec. Credit Corp., 417 F.2d 988, 991 (10th Cir.1969) (Colorado diversity case). Defendants have not shown that the district court's determination of damages was erroneous under the controlling principles acknowledged herein.
 
 
 11
 Finally, Defendants object that the district court effectively dismissed their counterclaim for appointment of a receiver and a liquidation of the partnership. On the contrary, that claim remains pending below. See district court's order of December 16, 1991 (certifying judgment on conversion claim under Fed.R.Civ.P. 54(b) and staying remainder of case pending disposition of this appeal).
 
 
 12
 The judgment of the United States District Court for the District of Colorado is AFFIRMED.
 
 
 
 *
 Honorable Patrick F. Kelly, District Judge, United States District Court for the District of Kansas, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Defendant John Murphy joined in the notice of appeal, but has since failed to take any further part in the proceedings before this court. Accordingly, we address only the contentions of Defendant Goldsmith in our analysis above
 
 
 [2]
 We acknowledge Colorado's adherence to the general rule that a partner cannot maintain an action at law against a copartner for liabilities arising out of partnership transactions unless and until there has been a final accounting or dissolution of the partnership. See, e.g., L.H. Heiselt, Inc. v. Brown, 120 P.2d 644, 646 (Colo.1941); Lawrence St. Partners, Ltd. v. Lawrence St. Venturers, 786 P.2d 508, 510 (Colo.Ct.App.1989). However, Colorado recognizes an exception to this rule where the business of the partnership has as a practical matter been concluded. See Mumm, 307 P.2d at 799-800; Morris v. Redak, 234 P.2d 908, 914 (Colo.1951). In light of (1) the uncontroverted fact that the partnership involved herein ceased its intended activities in December 1983, (2) the parties' evident intent to resolve their only remaining mutual obligations, and (3) the absence of any legal objections raised in this regard, we conclude that this action is properly maintained under the exception discussed in Mumm and Morris
 
 
 [3]
 Defendants cite Robeson v. Miller, 35 P. 880 (Colo.Ct.App.1894), as an illustration of the contrary principle that where the trial court's determination of damages results in a figure that neither party testified to, it cannot stand. See id. at 880 ("[i]f the plaintiff was right, the judgment was wrong; if the defendant was right, the judgment was wrong; and being wrong upon any hypothesis, it must be reversed"). However, Robeson was not a case of disputed valuation, which obviously involves a determination along a continuum of potentially acceptable estimates, but a case of two conflicting though determinate allegations regarding the amount of a payment made by the defendant to the plaintiff, which clearly called only for a binary choice between the figures asserted by the parties. See id. We deem Robeson inapposite and, accordingly, follow the more pertinent authorities cited above