No. 19,735.

E. L. DAVIS *v.* THE AMERICAN NATIONAL BANK OF DENVER.

(367 P. [2d] 325)

Decided December 26, 1961.

Messrs. GRANT, SHAFROTH, TOLL & MCHENDRIE, Mr. JOHN F. SHAFROTH, Mr. JAMES H. SKINNER, JR., for plaintiff in error.

Messrs. DAWSON, NAGEL, SHERMAN & HOWARD, Mr. JOHN W. LOW, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE MOORE.

WE will refer to the parties by name. The action was brought by Davis against The American National Bank of Denver seeking judgment for the value of certain furniture, fixtures and equipment located in premises known as the Baker Hotel in Denver. The case was tried to the court without· a jury and at the close of plaintiff's evidence the court sustained a motion to dismiss the action. Judgment entered accordingly and Davis is here by writ of error contending that the trial court erred in granting the motion to dismiss.

Pertinent facts are as follows: The bank was the owner of the real property, which in 1954 it leased to the Baker Hotel Corporation. In February 1958 the hotel corporation executed a chattel mortgage on the hotel furnishings and equipment to E. H. Parker as mortgagee who placed the instrument of record. The Parker chattel mortgage was assigned to plaintiff. The written lease between the bank and Baker Hotel Corporation provided that the lessor should have a first lien for all rentals payable under the lease and on all the personal property of the lessee situated in and upon the leased premises, and that such personal property would not be removed until all arrearages in rent were paid.

November 28, 1958, the Baker Hotel Corporation was delinquent in the payment of four months rent. Thereupon the bank declared the lease cancelled. Notices of cancellation were mailed to the lessee; to a guarantor of the lease; and to Hotels, Inc. (which had held a chattel mortgage on the furniture but which had been released and replaced by the Parker instrument). The notice to the lessee declared the lease cancelled and the lessee instructed "not to remove or cause to be removed any personal property from said premises in accordance with section 15 of your lease wherein a first lien on personal property is reserved to the lessors for rent arrearages."

Following service of the notice of cancellation of the

lease, certain negotiations between the bank and the lessee followed. The latter surrendered possession of the premises to the bank and a settlement of claims between the bank, the lessee and the guarantor of the lease was made and completed December 8, 1958. The bank had no actual knowledge that Davis held a mortgage on the furniture and equipment of the hotel, and the settlement mentioned did not involve the chattel property. The bank re-rented the hotel premises to another tenant and a few days thereafter learned that the chattels in question had been left on the hotel premises and that Davis held a mortgage thereon.

January 20, 1959, the bank notified Davis that it recognized his mortgage and demanded that the mortgaged property be removed from the real estate. Davis did not move the furniture, and so far as appears from the record before us it remained on the hotel premises. The bank leased to the new tenant nothing more than the real estate. Davis made no demand upon the bank for possession of the property covered by his mortgage.

In November 1959, a year following the time the bank served the notices of termination of the lease of the Baker Hotel Corporation, Davis filed this action alleging a conversion by the bank of the mortgaged chattels.

It is argued that when the bank instructed the mortgagor not to remove the chattel property, and thereafter re-rented the real estate to a new tenant, the bank converted the chattels to its own use and by such acts of dominion became liable to Davis for the value thereof. That the bank acted within its rights in evicting the defaulting tenant is clear. Nothing done by the bank prevented Davis from exercising any rights she had under the chattel mortgage.

In affirming the judgment of the trial court we need go no farther than to observe that under the circumstances shown no conversion occurred. The bank came into lawful possession of the chattels described in the mortgage. There is no showing that Davis demanded

possession of the chattels from the bank, and that the bank refused to deliver them to her. In the absence of such showing no conversion of the personalty by the bank was established.

Counsel for Davis argue that the general rule governing actions for conversion is that a "demand and refusal are never necessary, except to furnish evidence of the conversion; and when, without these, the circumstances are sufficient to prove the conversion, they are superfluous." In this connection they cite *Colorado Kenworth Corporation v. Whitworth*, 144 Colo. 541, 357 P. (2d) 626. The rule contended for is applicable to cases of an unlawful taking by the person converting the property. The case cited involved such unlawful taking.

It is equally well established that where possession of the property has been lawfully acquired and the defendant has not asserted title to it nor dealt with it in a manner inconsistent with the rights of the owner, there must be a demand and refusal before an action for conversion will lie. *Lininger Implement Co. v. Queen City Foundry Co.*, 73 Colo. 412, 216 Pac. 527; 89 C.J.S. Trover & Conversion §55, p. 558; *Jeffries v. Pankow*, 112 Ore. 439, 229 Pac. 903.

In the present case when the bank cancelled the lease and took possession of the premises it became an involuntary bailee of the furnishings in so far as Davis was concerned. As stated in Prosser, Torts (2nd ed.) at page 74, "* * * a defendant who has come rightfully into possession in the first instance, as for example by bailment, becomes a converter when he refuses to deliver on demand. Since there has been no wrongful taking or disposal of the property, demand and refusal are necessary to complete the tort."

The judgment is affirmed.

Mr. Justice Sutton and Mr. Justice Frantz concur.