555 P.2d 988 (1976)
GREAT AMERICAN RESERVE INSURANCE COMPANY, Plaintiff,
v.
Patricia Jean MAXWELL, Defendant-Appellant, and Maridell Maxwell et al., Defendants-Appellees.
No. 75-902.
Colorado Court of Appeals, Div. I.
October 21, 1976.
*989 Irvin L. Mason, Charles L. Shafer, II, Durango, for defendant-appellant.
Epstein, Lozow & Preblud, P. C., Frederick Epstein, Denver, for defendants-appellees.
Selected for Official Publication.
PIERCE, Judge.
This interpleader action was instituted by Great American Reserve Insurance Company to adjudicate the respective entitlement of several persons to the proceeds of an insurance policy the company issued on the life of Dr. Irwin Maxwell, deceased. Appellant, Patricia Maxwell, Dr. Maxwell's spouse at date of death, alleged an interest under a beneficiary designation; the other claimants joined were decedent's three children from a prior marriage. Appellant seeks review of a decree denying her an interest in the proceeds. We affirm.
In 1965, Dr. Maxwell was divorced from the mother of the three claimant children. Incorporated into that decree was a stipulation regarding the division of property, which obligated the doctor to designate his three children as the beneficiaries of the subject policy within 30 days, to maintain the policy, and to pay all necessary premiums. It further provided that, once such designation had been effected, the decedent would "make no further changes as to beneficiaries." Despite this stipulation, no change in beneficiary designation was made within the 30 day period; rather, Dr. Maxwell's former wife remained the primary beneficiary of the policy.
Thereafter, in 1966, Dr. Maxwell married appellant. Approximately one year later, he changed the beneficiary designation of the policy. His children were named beneficiaries of only a portion of the proceeds, with appellant to receive the remainder. After the doctor's death, this action was initiated. The trial court determined that decedent's children were entitled to all sums payable under the policy, and that appellant had no right to any of the proceeds.
Appellant's primary contention is that the trial court erred in denying the validity of her designation as beneficiary. She contends that the children's interest in the policy under the divorce decree was only an "expectancy" which could be modified through redesignation by the doctor in disregard of the divorce decree. Alternatively, she argues that the terms of the stipulation did not prevent Dr. Maxwell from naming her as an additional beneficiary, as long as the children remained designated. We accept neither of these assertions.
McLeod v. Provident Mutual Life Insurance Co., 186 Colo. 234, 526 P.2d 1318 (1974), is dispositive of her argument urging the validity of the designation in violation of the earlier divorce decree. The decedent's obligation regarding the designation of beneficiaries was part of the earlier unappealed divorce decree. Hence, decedent's designation, if contrary to the stipulation in the divorce decree, was ineffective. McLeod v. Provident Mutual Life Insurance Co., supra.
Appellant's reliance on cases such as In re Estate of McEndaffer, 36 Colo.App. 393, 543 P.2d 535 (1975), cert. granted December 29, 1975; and Mullenax v. National Reserve Life Insurance Co., 29 Colo.App. 418, 485 P.2d 137 (1971), is misplaced. She cites these cases for the proposition that a revocable beneficiary designation represents only an expectancy, and not a vested right, in potential policy proceeds. She then contends that the interest granted decedent's children in the divorce decree was also only an expectancy which decedent could freely defeat by subsequent designation. This argument, however, ignores the effect of the prior divorce decree, which transformed an expectancy into a vested right. The designation of decedent's children as the sole beneficiaries then became irrevocable. See Johnson v. *990 New York Life Insurance Co., 56 Colo. 178, 138 P. 414 (1913).
Nor do we accept her contention that the attempted designation was within the terms of the stipulation. The language employed in the divorce stipulation compels the conclusion that decedent obligated himself to maintain the policy for the benefit of his three children and for no other persons. Hence, regardless of decedent's apparent intent to make appellant an additional beneficiary, that designation was ineffectual.
Appellant further contends that the doctrine of laches bars decedent's children from contesting the validity of her designation. She bases this assertion on evidence that the children's mother did not make the policy immediately available to decedent for modification of the beneficiary clause, and on the failure of the children to verify that decedent had complied with the terms of the divorce decree by designating them as sole beneficiaries. This allegation of error is also without merit.
Any delay by the former Mrs. Maxwell in making the policy available for modification is not relevant to show that the claimant children acquiesced in the designation made by decedent. Such delay is not attributable to the children. Also, the trial court found, upon competent evidence, that the children had no way of knowing that their father had made an improper designation until after his death. Since they were not aware of the violation of the stipulation, the trial court properly concluded that laches was inapplicable. See Duncan v. Colorado Investment & Realty Co., 116 Colo. 12, 178 P.2d 428 (1947).
Appellant finally contends that, by virtue of her alleged payment of policy premiums, equity requires that she share in the policy proceeds. This assertion finds no support in the record. The trial court found no evidence that appellant gave any consideration whatsoever for her designation as a beneficiary. Although premiums were paid on the policy during the course of appellant's marriage to Dr. Maxwell, she produced no testimony to prove her claim that she was the source of the funds so used. Further, although payment of the premiums may have limited the funds available to appellant and decedent for their use during marriage, those payments were required of decedent by court decree regardless of whether appellant was the beneficiary. Under these circumstances, the trial court properly denied appellant's plea for equitable participation in the policy proceeds.
Judgment affirmed.
COYTE and RULAND, JJ., concur.