**Terri L. GORMAN–ENGLISH, Plaintiff–Appellant and Cross–Appellee,**

**v.**

**The ESTATE OF Donald L. ENGLISH, Barbara J. Kunkle, as Personal Representative of the Estate of Donald L. English, Barbara J. Kunkle, individually, and Kelley L. English, Defendants–Appellees and Cross–Appellants.**

No. 91CA1080.

Colorado Court of Appeals, Div. III.

Aug. 27, 1992.

Rehearing Denied Oct. 1, 1992.

Certiorari Denied April 19, 1993.

Michael D. Gross, P.C., Michael D. Gross, William M. Lederer, Colorado Springs, for plaintiff-appellant and cross-appellee.

Gresham & Gresham, Spencer A. Gresham, Colorado Springs, for defendants-appellees and cross-appellants.

Opinion by Judge SMITH.

Plaintiff, Terri Gorman–English, appeals the judgment of the trial court declaring defendant, Kelley English, to be the owner of proceeds of a life insurance policy purchased by decedent, Donald English. We affirm.

The policy underlying this action was purchased by decedent in 1983. Although a copy of the policy has not been included in the record on appeal, it appears that it was a whole life policy entitling decedent to certain benefits, such as the right to cash surrender value, the right to retirement benefits, and the right to name and change a beneficiary. The proceeds payable under the policy upon decedent's death are in the amount of $100,000. Only the right to these proceeds is at issue in this appeal.

The following facts are not in dispute. Plaintiff and decedent were married in June 1987 and that marriage was dissolved in December 1988. In that proceeding, decedent received the policy at issue here as his sole and separate property. In summer of 1989, the parties reconciled and entered into a common-law marriage.

In October 1989, decedent filed a petition for dissolution of this second marriage. By virtue of that filing, a temporary injunction automatically came into being pursuant to § 14–10–107(4)(b), C.R.S. (1987 Repl.Vol. 6B) restraining both parties from, among other things:

> [t]ransferring, encumbering, concealing, or in any way disposing of, without the consent of the other party or an order of the court, any marital property, except in the usual course of business or for the necessities of life....

On December 16, while the dissolution action was still pending, decedent changed the beneficiary designation on the life insurance policy from plaintiff to defendant, his daughter. Decedent died four days later and the petition for dissolution was dismissed.

Thereafter, plaintiff brought this lawsuit against decedent's estate, arguing that decedent's change in the beneficiary designation on December 16 violated the temporary injunction and, thus, that such change should be set aside. The trial court agreed that the change in beneficiary violated the injunction but declined, for equitable reasons, to set it aside.

Plaintiff contends that the trial court erred in failing to set aside the change in beneficiary. The crux of plaintiff's argument is that the statutorily imposed temporary injunction, in essence, invalidated the

decedent's change in beneficiary, thus entitling her to the insurance proceeds. Although we analyze the matter differently that did the trial court, we perceive no error in its result.

By its terms, § 14–10–107(4)(b) only bars the conveyance or transfer of marital property, defined in § 14–10–113(2), C.R.S. (1987 Repl.Vol. 6B) as *"property"* acquired by either spouse during the marriage.

Accordingly, the dispositive issue raised by plaintiffs argument is whether the life insurance policy, in particular, the beneficial interest in the insurance proceeds, is marital property such that it is subject to the dispositional restraints set forth in the injunction.

Colorado has not addressed the applicability of the statutory pre-dissolution injunction to the interests in a spouse's life insurance policy. A number of cases, however, in resolving post-dissolution matters, have alluded to the character of these interests.

In *Menor v. Menor*, 154 Colo. 475, 391 P.2d 473 (1964), wherein husband appealed, among other things, the division of property ordered by the court, the supreme court held that husband's life insurance policy, *because it had no cash surrender value*, did not represent any assets for consideration because it was not "property" that was subject to equitable division between the parties.

In *Mullenax v. National Reserve Life Insurance Co.*, 29 Colo.App. 418, 485 P.2d 137 (1971), decedent designated his wife as beneficiary of his life insurance policy and did not change this designation after their divorce. This court held that wife, who under their separation agreement conveyed to decedent all of her "right, title, and interest in and to any and all property" held by him, did not relinquish her claim to insurance proceeds from a policy on his life, notwithstanding the fact that the policy was in effect at the time the separation agreement was executed. The basis for the court's holding was that, at the time the separation agreement was executed, wife as beneficiary, "had no present inter-

est in the insurance policy, only a mere expectancy." Thus, the interest she held was not an interest in *property* subject to the terms of the separation agreement. *See also Great American Reserve Insurance Co. v. Maxwell*, 38 Colo.App. 305, 555 P.2d 988 (1976).

The principles discussed in these cases were further explained in *Napper v. Schmeh*, 773 P.2d 531 (Colo.1989). There, again considering a wife's right to insurance proceeds in light of a separation agreement, the supreme court stated in a footnote—:

[T]here are two distinct property interests in a life insurance policy: (1) the policy owner's interests, which is a control interest and includes the power to name and change beneficiaries and to surrender the policy for its cash value, and (2) the interest of the named beneficiary to the proceeds of the policy. The former is an interest in the policy itself, the later an *expectancy* in the proceeds thereof. (emphasis added)

These cases indicate, therefore, that the policy owner's interest in the policy may, indeed, constitute marital property. Encompassed in this interest are the characteristics which are often deemed "indicia" of marital property—cash surrender value, loan value, redemption value, and retirement benefits. *See generally In re Marriage of Grubb*, 745 P.2d 661 (Colo.1987).

The cases also indicate, however, that the interest at issue in this lawsuit, that is, the interest of the named beneficiary to the insurance proceeds is, at most, an expectancy which vests no present *property* interest in the beneficiary during the lifetime of the insured.

Indeed, the Pennsylvania superior court, when presented, as here, with the effect of a pre-dissolution injunction on the proceeds from a deceased spouse's life insurance policy, applied this precise interest analysis in denying wife's request that she, rather than the named beneficiary of the policy at the time of decedent's death, be awarded ownership of the insurance proceeds.

*Lindsey v. Lindsey*, 342 Pa.Super. 72, 492 A.2d 396 (1985).

In *Lindsey*, decedent changed the beneficiary designation on his life insurance policies after he and his wife had filed for divorce and after an injunction had issued enjoining him from "disposing of any marital property." Wife did not learn of this change in beneficiary until after decedent's death. The trial court there held that the change in beneficiary designation was in violation of the injunction and ordered that the proceeds be distributed to wife. The appellate court reversed.

Recognizing that "the naming of a beneficiary on a life insurance policy vests nothing in that person during the lifetime of the insured," the court held that decedent did not "convey" or dispose of a marital asset when he changed the beneficiary of his policy. Thus, he did not, by executing the change, violate the injunction.

The Pennsylvania appellate court further held that wife's interest in the policies themselves was limited to the interest held by decedent as the policy owner, specifically, the cash surrender value of the policies.

Based on the foregoing, therefore, we reject plaintiff's argument that the beneficial interest in the life insurance proceeds possessed by a named beneficiary, constitutes marital property. Instead, we hold that a life insurance policy is marital property only to the extent of the value, if any, of the policy owner's present interest. Consequently, only the value of *this* interest is "frozen" by the automatic injunction created by § 14–10–107(4)(b). Thus, while, because of the injunction, ownership of this interest in the policy could not be transferred, the powers inherent in that ownership could still be exercised by the husband.

Hence, inasmuch as the change in beneficiary implicated only the beneficial expectancy interest of the policy, such change was, therefore, neither barred nor invalidated by the injunctive provisions of § 14–10–107(4)(b). This rule does not, of course, affect the power of trial courts to deal with ownership interests in insurance policies as part of the preliminary injunction or final dissolution orders; it addresses only to the effect of the statutorily imposed temporary injunction.

Accordingly, we conclude that the trial court did not err in declining to set aside decedent's December 16 beneficiary designation.

In light of our holding above, we find it unnecessary to address either the jurisdictional or estoppel issues raised by defendant on cross-appeal.

The judgment is affirmed.

CRISWELL and ROTHENBERG, JJ., concur.