**Patricia Renee RUDOLPH, Mike Butcher, and Mary Butcher, by and through her Mother and next friend, Dorothy Butcher, Plaintiffs,**

**v.**

**PUBLIC SERVICE COMPANY OF COLORADO, Plan Administrator for Employees' Group Term Life Insurance Plan of Public Service Company of Colorado and Participating Subsidiary Companies, The Great West Life Assurance Company, Claim Service Provider, Norwest Bank, Denver, N.A., Plan Trustee, and Lenore M. Butcher, Defendants.**

No. 93–B–2230.

United States District Court, D. Colorado.

March 15, 1994.

Nicholas Gradisar, Gradisar, Trechter, Ripperger & Croshal, Pueblo, CO, for plaintiffs.

Charles F. McCloskey, Jr., The Law Offices of Larry M. Leach, Denver, CO, for Butcher.

Ronald B. Taylor, Englewood, CO, for Great–West.

### MEMORANDUM OPINION AND ORDER

BABCOCK, District Judge.

Defendant Lenore M. Butcher moves for summary judgment and seeks an order requiring Great West Life Insurance Company (Great West) to pay her the life insurance benefits under her deceased husband's policy. The plaintiffs Patricia Renee Rudolph, Mike Butcher, and Mary Butcher, by and through her mother and next friend, Dorothy Butcher (collectively the children) filed a cross motion for summary judgment. These motions are now adequately briefed and argument was heard on March 11, 1994. Jurisdiction exists pursuant to 29 U.S.C. § 1132(e)(1), 29 U.S.C. § 1132(f), and 28 U.S.C. § 1331. Great West has accepted service of process in this case and agrees to be bound by this order. As a result, the

---

parties stipulate to the dismissal of Public Service Company of Colorado (PSC) and Norwest Bank, Denver, N.A. as parties in this case. For the reasons stated below, I will grant the children's cross motion for summary judgment, and deny Lenore M. Butcher's motion.

### I.

Summary judgment shall be granted if the pleadings, depositions, answers to interrogatories, admissions, or affidavits show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). Here, both parties move for summary judgment and neither party contends that there are material issues of fact precluding a judgment as a matter of law. Furthermore, neither party responds to the other's summary judgment motion with specific facts demonstrating a genuine issue for trial. I agree that there are no genuine disputes of material fact and that summary judgment is now appropriate.

### II.

The following facts are undisputed. Plaintiffs Patricia Renee Rudolph (Patricia), Michael T. Butcher (Michael Jr.), and Mary Butcher are the children of Michael T. Butcher (Michael), the deceased. At all times relevant here, Michael maintained a life insurance policy through his employer, PSC, until his death on January 14, 1993. This life insurance policy (the Life Policy) was maintained by PSC, the plan administrator for Employee's Group Term Life Insurance Plan. The Life Policy is qualified and regulated by the Employee Retirement Income Security Act of 1974 as amended codified 29 U.S.C. § 1001–1461 (ERISA). In relevant part, the Life Policy provides:

An employee may in his application for insurance designate a beneficiary or beneficiaries and, subject to any legal restriction or the rights of any irrevocably appointed beneficiary, may, from time to time, change the beneficiary.

A decree (the decree) dissolving the marriage of Michael and Dorothy Butcher was entered on December 14, 1984 in the Pueblo Country District Court for the State of Colorado. The decree incorporated the provisions of a separation agreement (the separation agreement) and orders Michael and Dorothy Butcher to comply with the separation agreement provisions. Paragraph 14 of the separation agreement reads:

*Life Insurance:* Each of the parties now has, through their place of employment, certain life insurance policies. Each of the parties agree to maintain those life insurance policies and to name the children of the parties as the beneficiaries of those life insurance policies, and hereby agree that the children will remain the beneficiary of those life insurance policies.

Subsequently, Michael married Lenore M. Butcher (Butcher). Michael complied with the terms of the separation agreement until November 11, 1991. He then changed the beneficiary designation from the children to Butcher by filing a change of beneficiary form with his employer. Thereafter, in the Pueblo County District Court dissolution of marriage case, Michael and Dorothy Butcher entered into a stipulation (the stipulation), which, on June 11, 1992, was approved and made an order of the court. Paragraph 7 of the stipulation states:

Respondent (Michael) hereby agrees to withdraw his motion for modification of the life insurance provisions of the separation agreement of the parties dated July 13, 1984, and further agrees that the parties' children are and shall remain the beneficiaries of the life insurance policy the Respondent has through his place of employment, Public Service Company of Colorado, as of the date of the parties' agreement, July 13, 1984, and that Respondent further agrees to maintain said policy, which was in effect in 1984 for the benefit of said children.

Despite this stipulation, Michael again changed the beneficiary designation from the children to Butcher on December 21, 1992 by executing a change of beneficiary form and a notarized document. In it, Michael expressed his desire to change the beneficiary on his insurance policy and acknowledged that by doing so he was in contempt of a

court order. Michael died approximately three weeks later.

Butcher claims the proceeds from Michael's life policy. The children also claim these proceeds and provided notice by letter to the PSC. All of the parties have exhausted their administrative remedies.

### III.

The parties agree that the policy at issue is covered by ERISA. The parties disagree, however, whether the anti-alienation provision of 29 U.S.C. § 1056(d)(1) applies here to entitle Butcher to the life insurance proceeds pursuant to Michael's execution of the designated beneficiary change on December 21, 1992.

The children contend that ERISA does not include any restrictions on a person's ability to alienate any incidents of ownership of a group life insurance policy. They further argue that although the life policy itself recognizes Michael's right to change beneficiaries that right is subject to certain legal restrictions and the rights of irrevocable beneficiaries. They argue that by executing the separation agreement and stipulation Michael waived his right to revoke the children as his beneficiaries under the life policy and, therefore, they are entitled to the life insurance proceeds.

Butcher contends that she is entitled to the life insurance proceeds because the life policy is subject to the anti-alienation provisions of 28 U.S.C. § 1056(d) which preempts state law, including the separation agreement and stipulation. Butcher further argues that the separation agreement and stipulation fail to meet the standards for a qualified domestic relations order (QDRO) which is necessary to assign or alienate the life policy and, therefore, the December 21, 1992 beneficiary designation controls.

ERISA makes certain contracts the prerogative of federal law. *See generally,* 29 U.S.C. § 1001; *Vogel v. Independence Federal Sav. Bank,* 692 F.Supp. 587, 591 (D.Md. 1988). It is a comprehensive federal statutory scheme concerned with "employee benefit plans." *See,* 29 U.S.C. § 1001. These plans are divided into two categories—"employee

welfare benefit plans" (welfare benefit plans) and "employee pension plans" (pension plans). Welfare benefit plans are defined broadly to cover all provisions by employers of health care benefits or benefits in the event of death, sickness, accident, disability or unemployment, and various other benefits. 29 U.S.C. § 1002(1). Pension plans are defined broadly to cover any employer plan, fund, or program established to provide retirement income or that results in deferral of employees' income for periods extending to termination of employment or beyond. 29 U.S.C. § 1002(2)(A). Because the life policy in question is a benefit received upon the death an employee, it is part of a welfare benefit plan, not a pension plan. This distinction is significant.

ERISA treats pension plans differently from welfare benefit plans. *Vogel,* 692 F.Supp. at 591. For example, ERISA sections 1051–1086 expressly do not apply to employee welfare benefit plans. *Carland v. Metropolitan Life Ins. Co.,* 727 F.Supp. 592, 597–598 (D.Kan.1989), *affirmed,* 935 F.2d 1114 (10th Cir.), *cert. denied,* —— U.S. ——, 112 S.Ct. 670, 116 L.Ed.2d 761 (1991); *See also,* 29 U.S.C. § 1051(1), 1081(a)(1) (Part 2 and 3 of ERISA do not apply to employee welfare benefit plans); *But see Carland v. Metropolitan Life Ins. Co.,* 935 F.2d 1114, 1119 (10th Cir.1991).

Unlike ERISA pension plans, welfare plan benefits are subject to alienage. *Guidry v. Sheet Metal Workers Nat. Pension Fund,* 493 U.S. 365, 371, 110 S.Ct. 680, 685, 107 L.Ed.2d 782 (1990); *see also, Mackey v. Lanier Collection Agency & Service Inc.,* 486 U.S. 825, 837, 108 S.Ct. 2182, 2189, 100 L.Ed.2d 836 (1988) (stating in dictum "when Congress was adopting ERISA, it had before it a provision to bar the alienation or garnishment of ERISA plan benefits, and chose to impose that limitation only with respect to ERISA pension benefit plans, and not ERISA welfare benefit plans"); *But see Carland,* 935 F.2d at 1119–1120. The policy here is not a pension plan. Consequently, Butcher's argument that the separation agreement and stipulation fail to meet the requirements of a QDRO under ERISA's anti-alienation provision for pensions is with-

out merit. I hold that the anti-alienation provision of 29 U.S.C. § 1056(d)(1) does not apply to the life policy here, which, like any welfare plan benefit, may be freely assigned or encumbered. *Carland,* 727 F.Supp. at 598.

ERISA requires that a fiduciary discharge its duties solely in the interests of the participants and beneficiaries and by the documents and instruments governing the plan insofar as they are consistent with ERISA. 29 U.S.C. § 1104(a)(1)(D). The life policy in this case permits an employee to change beneficiary designations, but this right is subject to any "legal restriction" or to the rights of any "irrevocably appointed beneficiary". On two occasions, in the separation agreement and the stipulation, Michael agreed that the children would remain beneficiaries of the life policy. Both of these agreements were incorporated into court orders. When Michael attempted to name Butcher as his beneficiary three weeks before his death he expressly acknowledged violations of the court orders. In Colorado, the designation of children as beneficiaries of a life insurance policy in a divorce decree is irrevocable. *Great American Reserve Insurance Co. v. Maxwell,* 38 Colo.App. 305, 555 P.2d 988, 989 (1976).

I conclude that Michael's relinquishment of his right to change beneficiary was binding and comports fully with ERISA. Accordingly, the children are entitled to the full amount of the proceeds from Michael's life policy.

ACCORDINGLY, IT IS ORDERED that:

1) The children's cross motion for summary judgment is GRANTED;

2) Butcher's motion for summary judgment is DENIED;

3) Great West shall pay the proceeds of the deceased life insurance policy to the children;

4) PSC and Norwest Bank, Denver, N.A. are DISMISSED as parties;

5) The children are awarded their costs.